HEIRS OF JUSTO HERNÁNDEZ Y ALVAREZ, consisting of his widow, FELICIANA BORRERO, and their legitimate children PEDRO PABLO, FRANCISCO DOMINGO, JUAN ROBUSTIANO, FELICIA NAZARIA, JUAN ANTONIO, CIPRIANO, BRÍGIDA, JUANA SABINA, CLAUDIO, LEONOR and FELIPE NERI HERNÁNDEZ Y BORRERO, Petitioners and Appellees, *v.* MAGDALENA RIVERA, Respondent and Appellant.

No. 3699. Argued December 8, 1925.—Decided March 3, 1926.

*Gilberto López de Victoria* and *A. Ramírez Silva* for the appellant.
*Benet & Souffront* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

The heirs of Justo Hernández y Alvarez, consisting of his widow and several children, brought proceedings in 1923 for the purpose of establishing the dominion title of their ancestor to a rural property of 13 acres of land with a dwelling-house thereon in the ward of Cerro Gordo of the municipality of Añasco, alleging that Hernández bought it from Magdalena Rivera in the year 1910, that both he and the prior owners had held possession of the property under such title quietly, publicly and uninterruptedly since their respective acquisitions and that they have no recordable title.

In the dominion title proceeding Magdalena Rivera was summoned as the former owner and she opposed the proceeding, alleging the manner in which she had acquired the said property more than 40 years before and that she had not conveyed it to Justo Hernández or to any other person.

After the evidence was heard the trial court rendered judgment approving the dominion title in favor of the petitioners and from that judgment the adverse party took this appeal, alleging as its first ground that the trial court erred in ruling that the respondent should present her evidence first.

It is true that the lower court sustained a motion of the petitioners that the opposing party should introduce her evidence first, but as she made no objection to that ruling, as appellant she can not raise that question now for the first time.

In the second ground of appeal it is alleged that the court erred in allowing the petitioners to introduce in evidence, as proof of their title, two documents that were not identified and did not describe the property involved in the proceeding.

These were private documents dated October 28, 1916, and signed by Magdalena Rivera in the presence of witnesses. In one of them she stated that after having sold to Justo Hernández a parcel of land of 13 acres in the ward of Cerro Gordo of the municipality of Añasco she had remained on the property as tenant, paying him four *fanegas* of coffee yearly, but that as she was unable to meet that contract on account of misfortunes and poor crops, after so many years of tenancy she delivered the property to him as its sole owner. In the other document she stated that she sold to Justo Hernández for the sum of $30 a house, whose description was given, built on a parcel of land of 13 acres which she had previously sold to him by an instrument that she executed in his favor some 18 or 19 years before.

The area of land, the ward and municipality to which Magdalena Rivera refers in those documents coincide with those of the property described in the dominion title petition, from which it may be concluded that the same property is involved, and this conclusion is strengthened by the fact that the respondent made no allegation that she had another property of the same area in the same ward and municipality, but only denied the execution of those documents; therefore the assignment of error is without merit.

It is alleged also that if those documents were admissible in evidence the court erred in giving any weight to them for the reason that they and the allegations of the petition and the other evidence are in conflict each with the others.

As we have seen, in one of the documents Magdalena Rivera sets forth only the delivery of the property which she held as a tenant after she had sold it to Hernández and in the other that she sold to him the house located on the property which she had sold him before, all of which proves the allegations of the petition, and the facts that it is therein stated that the sale was made in 1910 and that in one of

those documents dated 1916 it is said that it was some 18 years before are not sufficient to render it valueless, because the statement in that document strengthens the petition in that it acknowledges that Hernández held possession for a greater number of years than was alleged by his heirs.

The fourth ground of appeal is based on the contention that the court below gave no weight to the testimony of Magdalena Rivera because of her age.

That witness said that she was 82 years old and when she was finishing her testimony the judge of the court stated that he had observed the witness very attentively and noticed in her such decrepitude that her testimony could not be given credit under such condition, and ordered that she be assisted from the room because she could not even walk.

As the judge who hears the testimony is the one called upon to decide on the credibility of the witnesses, in view of the age of Magdalena Rivera, of her unconnected answers to the questions put to her and of the statements made by the judge of the court below, we can not hold that he committed error in giving no weight to her testimony, and the fact that she was allowed to testify is not an implied admission of her capacity, for the mere fact that a witness is 82 years old is not generally sufficient of itself for giving no value to the testimony, but it is otherwise when that fact is accompanied by other circumstances, as in this case.

The other two grounds of appeal may be considered jointly since they refer to an alleged error in the weighing of the evidence and in approving the dominion title proceeding and overruling the opposition when the property had not been identified and the district attorney had not been summoned as required by law.

The evidence introduced at the trial is contradictory, but it supports convincingly the judgment appealed from, and as regards the fact that the district attorney was not summoned, it appears from the record that he reported that he

had nothing to oppose to the approval of the proceeding because the requirements of the law had been complied with. With respect to the identification of the property, there was no contention on that point between the parties, for although the respondent denied having sold it, she acknowledged that it was the same property.

The judgment appealed from must be affirmed.